UNITED STATES OF AMERICA ：

vs. ：     Case No: 3:25-cv-00595-RAH-SMD

JUSTIN GARRETT, ：

Defendant ：

## AFFIDAVIT OF J. MARK SHELNUTT IN RESPONSE TO MOTION

## UNDER 28 U.S.C. 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE

## BY PERSON IN FEDERAL CUSTODY

Before me the undersigned authority personally appeared J. Mark Shelnutt who after being duly sworn did depose and state under oath as follows:

1.  My name is J. Mark Shelnutt. I am a licensed attorney with my office located at 233 12th Street, Suite 600, Columbus, GA 31901.

2.  I make the following affidavit under personal knowledge having been counsel on this case through sentencing.

3.  I have reviewed the petitioner's Motion to Set Aside and in particular, his claims that I refused to file an appeal as directed by the petitioner.

4.  The petitioner pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §846 in a plea agreement filed June 22, 2023.

5.  Counsel states unequivocally that he went over said agreement in great detail with said petitioner, having also represented petitioner in a separate case in the Middle

1

District of Georgia that is referenced in his sentence in the present case.

6. Pursuant to the specific terms of petitioner's plea agreement, particularly sections number 24, the petitioner specifically and expressly waived any and all rights by 18 U.S.C.§3742 to appeal the conviction or sentence. Defendant also expressly waived the right to attack the conviction or sentence in any post-conviction proceeding including proceedings pursuant to 28 U. S. C.§2255. Exempt from this waiver was the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

7. Because of the defendant's express waiver of his right to appeal, except under those limited circumstances, counsel discussed with petitioner that filing an appeal for any reasons other than those expressly specified, could actually result in the government maintaining that he breeched his plea agreement, therefore subjecting him to possibly losing acceptance of responsibility level that he desperately needed to avoid a much more severe sentence.

8. According to the Presentence Investigation Report, were the defendant not to receive a three-level reduction for acceptance of responsibility, he would have been looking at an offense level of 38 and a Criminal History Category VI, which would have placed his sentencing level at 360 months to life. However, in exchange for the plea agreement, the government agreed to not seek an enhanced penalty pursuant to 21 U.S.C.§851, as well as other considerations laid out in the plea agreement, including that the government would agree to recommend a sentence no greater than in in middle of the sentencing guidelines range as calculated by the Court. See Sections III, Subsections 1-7.

9. Therefore, the only grounds that are allowed under the petitioner's plea agreement

2

to be pursued would be ineffective assistance of counsel or prosecutorial misconduct. Of course, Counsel states that he did not see any grounds whatsoever for such an appeal on the grounds of prosecutorial misconduct, but more importantly, counsel could not bring ineffective assistance claims against himself. I explained to the petitioner that in order to pursue an ineffective assistance of counsel claim, he would have to do that through the use of another attorney through either seeking other counsel for appeal or to pursue relief under 28 U.S.C.§2255.

10. After the plea agreement was executed, a Presentence Report was prepared by the Probation Office and counsel for defendant did file objections in the form of a Sentencing Memorandum filed October 30, 2023. Counsel was heard on his objections at the sentencing, and none of the rulings of the Court fell under any of those exceptions for which Mr. Garrett's plea agreement would allow him to pursue a direct appeal without being in breach of his plea agreement. I explained this to Mr. Garrett, and therefore, there was nothing for counsel to appeal on his behalf that counsel explained fully that would not endanger the benefits that the plea agreement afforded him.

11. I explained fully to the defendant and went over his rights in great detail regarding the charges and the sentence, as well as appellant avenues. The defendant voluntarily agreed to the terms of the plea agreement as earlier specified, and therefore counsel has not been given any grounds by the petitioner to allege on appeal at all, much less any grounds that would not endanger him of being in violation of his plea agreement, and therefore, counsel did not file an appeal accordingly.

12. These are my recollections related to the events that were raised in this motion, and

I have recounted them to the best of my ability.

FURTHER, THE AFFIANT SAITH NAUGHT.

Respectfully submitted this 5th day of May, 2026.

Respectfully submitted,

The Law Office of J. Mark Shelnutt
Attorneys for Defendant

By:    *s/J. Mark Shelnutt*

J. Mark Shelnutt
GA State Bar No.: 004020

The Law Offices of J. Mark Shelnutt and
William J. Kendrick, II
233 12th Street, Suite 600
P.O. Box 469
Columbus, Georgia 31902-1437
Tel: 706.324.4343
Fax: 706.221.5408
Email: legalsecretary@shelnuttlaw.com; jms@shelnuttlaw.com

IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

UNITED STATES OF AMERICA       :

      :

vs.       :       **Case No: 3:25-cv-00595-RAH-SMD**

      :

**JUSTIN GARRETT,**       :

      :

**Defendant**       :

## <u>AFFIDAVIT OF J. MARK SHELNUTT IN RESPONSE TO MOTION</u>

## <u>UNDER 28 U.S.C. 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE</u>

## <u>BY PERSON IN FEDERAL CUSTODY</u>

J. Mark Shelnutt
**ATTORNEY FOR PETITIONER**

**S.S.**
**State of Georgia**
**County of Muscogee**

Subscribed and sworn to before me by Affiant on this the 3rd day of May, 2026.

NOTARY PUBLIC     6/30/28

5

# IN THE UNITED STATES DISTRICT COURT FOR THE

## MIDDLE DISTRICT OF ALABAMA

### EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | Case No: 3:25-cv-00595-RAH-SMD |
| | : | |
| JUSTIN GARRETT, | : | |
| | : | |
| Defendant | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, J. Mark Shelnutt, hereby certify that on May 5, 2026, I caused the forgoing to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such to all counsel of record.

Respectfully submitted,

The Law Office of J. Mark Shelnutt
Attorneys for Defendant

By:     *s/J. Mark Shelnutt*

J. Mark Shelnutt
GA State Bar No.: 004020

The Law Offices of J. Mark Shelnutt and
William J. Kendrick, II
233 12th Street, Suite 600
Columbus, Georgia 31902-1437
Tel: 706.324.4343
Fax: 706.221.5408
Email: legalsecretary@shelnuttlaw.com; jms@shelnuttlaw.com