**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| JUSTIN GARRETT, | ) |
| | ) |
|      Petitioner, | ) |
| v. | ) Case No. 3:25-cv-595-RAH-SMD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|      Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

THIS CAUSE is before the Court on Petitioner Justin Garrett's Motion to Vacate under 28 U.S.C. § 2255, which collaterally attacks the conviction and sentence in his underlying criminal case. Garrett principally asserts that trial counsel rendered ineffective assistance by: (1) failing to obtain or use an alleged jail call with a co-defendant that Garrett contends would have helped his defense, and (2) advising him to plead guilty based on an expectation that he would receive a substantially lower sentence than the one ultimately imposed. After review of the Motion, the Government's response, Garrett's reply, the record, and the applicable law, the Court concludes that the Motion is due to be denied.

**BACKGROUND**

On April 13, 2022, a federal grand jury in the Middle District of Alabama charged Garrett with one count of conspiracy to distribute and possess with intent to distribute a controlled substance (methamphetamine), in violation of 21 U.S.C. § 846. Garrett later pleaded guilty. In the written plea agreement, Garrett acknowledged, among other things, that the Court would determine the advisory guideline range and sentence, and that he would have no right to withdraw his guilty

plea if the Court calculated a guideline range different from the Presentence Investigation Report. (Cr. No. 219.)[1]

The factual basis of the plea agreement stated that on or about July 16, 2021, Garrett's co-defendant, Xavier Toombs, was stopped in the Middle District of Alabama with more than a kilogram of methamphetamine in his vehicle, that Garrett had sold the methamphetamine to Toombs, that Garrett knew Toombs intended to distribute it, and that Garrett was responsible for at least 50 grams of methamphetamine for purposes of the conspiracy charge. (*Id.*)

At the change-of-plea hearing with the assigned magistrate judge, Garrett testified under oath that he had reviewed the plea agreement with counsel, understood its terms, had not been threatened, had not been promised anything beyond what was contained in the plea agreement, and was satisfied with counsel's representation. (Cr. No. 457 at 4–5, 8.) He also acknowledged that the sentence imposed by the Court could differ from counsel's estimate and that the Court would not determine the guideline range until after the presentence investigation report was prepared. (*Id.* at 6, 8.) Garrett further admitted under oath that he sold more than 1,000 grams of methamphetamine to Toombs and understood that Toombs would distribute it to others. (*Id.* at 10–11.)

At sentencing, the Court first confirmed with Garrett that he understood that the Court was not required to follow the parties' recommendation and that Garrett could not back out of the plea agreement if the Court did not follow the parties' recommendations. (Cr. No. 458 at 2–3.) The Court then accepted the plea agreement and determined that Garrett's total offense level was 33, his criminal history category was VI, and his advisory guideline range was 235 to 293 months. (*Id.* at 16–17.)

---

[1] All citations to docket entries in the underlying criminal case, Case No. 3:22-cr-97-RAH, will be denoted as "Cr. No."

The Court imposed a sentence of 204 months' imprisonment, consecutive to the sentence in Garrett's federal case from the Middle District of Georgia, while expressly accounting for the related 60-month sentence in that case. (*Id.* at 24.) Garrett later appealed to the Eleventh Circuit, but his conviction and sentence were affirmed. *United States v. Garrett*, No. 24-13191, 2025 WL 958591 (11th Cir. Mar. 31, 2025).

Garrett now seeks relief under Section 2255.

## LEGAL STANDARD

A person in federal custody may move to vacate, set aside, or correct his sentence on one of four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The petitioner "bears the burden to prove the claims in his § 2255 motion." *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015); *see also Beeman v. United States*, 871 F.3d 1215, 1221 (11th Cir. 2017).

In his § 2255 motion, Garrett seeks to collaterally attack his guilty plea and sentence based on the alleged ineffective assistance of his trial counsel. The United States Constitution provides criminal defendants the right to the effective assistance of counsel. *See* U.S. Const. amend. VI. As such, a claim that a criminal defendant has received ineffective assistance of counsel in violation of the Sixth Amendment may properly be brought in a collateral proceeding under § 2255. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To establish the ineffective assistance of counsel, a petitioner must satisfy two prongs: (1) that his counsel's conduct amounted to constitutionally deficient performance; and (2) that counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Martin v. United States*, 949 F.3d 662, 667 (11th Cir. 2020).

The two-part *Strickland* test applies to challenges to the validity of guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Under *Hill*, a petitioner still must show that counsel's performance was deficient, *see id.* at 56–59; *Lynch v. Sec'y, Fla. Dep't of Corr.*, 776 F.3d 1209, 1218 (11th Cir. 2015), but to establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *Hill*, 474 U.S. at 59; *Lynch*, 776 F.3d at 1218.

A petitioner is not entitled to an evidentiary hearing where the record conclusively shows he is entitled to no relief, or where his allegations are vague, conclusory, or contradicted by the record. *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Hill v. Moore*, 175 F.3d 915, 922 (11th Cir. 1999).

## DISCUSSION

### A.      Claim One: Failure to Obtain or Use Alleged Jail Calls

Garrett contends counsel was ineffective because counsel failed to obtain a jail call or calls that, according to Garrett, would have shown that his co-defendant, Xavier Toombs, said he had never bought methamphetamine from Garrett. This claim fails for multiple reasons.

First, Garrett's allegation is conclusory. He does not identify with meaningful specificity the date of the call, its contents, who possessed it, how counsel could have obtained it, or how it would have been admissible and materially beneficial. A bare assertion that some unproduced, self-serving jail call would have helped him is not enough to establish deficient performance or prejudice under *Strickland*. *Hill*, 474 U.S. 52 (1985); *see also Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012) (holding that bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that "unsupported allegations, conclusory in nature and lacking factual substantiation" are an insufficient basis for relief);

4

*Saunders v. United States*, 278 F. App'x 976, 979 (11th Cir. 2008) (holding that petitioner must allege "reasonably specific, non-conclusory facts with respect to his claim such that there was a reasonable probability sufficient to undermine confidence in the outcome" (quotation omitted)).

Second, the claim is squarely contradicted by Garrett's own sworn admissions. At the plea hearing, Garrett admitted under oath that he sold Toombs more than 1,000 grams of methamphetamine in Alabama and that he knew Toombs intended to sell it to others. In the written plea agreement, he likewise admitted that the methamphetamine located in the vehicle stopped on July 16, 2021, had been sold by him to Toombs. Statements made under oath during a plea colloquy carry a strong presumption of truth. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). A petitioner cannot ordinarily contradict those sworn statements through later unsupported allegations in a subsequent § 2255 motion. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (holding that defendant's sworn statements at the plea hearing constitute a "formidable barrier" in subsequent collateral proceedings); *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) ("[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."); *Winthrop-Redin v. United States*, 767 F.3d 1210, 1217 (11th Cir. 2014) (holding that a "district court is entitled to discredit a defendant's newly-minted story . . . supported only by the defendant's conclusory statements" and contradicted by the defendant's sworn statements at the plea colloquy).

Third, Garrett has not shown prejudice. He does not plausibly establish that the alleged jail call would have caused him to reject the plea agreement and proceed to trial. Nor does he explain how such a call would have overcome his own admissions, the factual basis of the plea, and the evidence contained in the criminal record, including drug quantities derived from intercepted communications and other evidence discussed at sentencing.

5

For all of these reasons, Garrett has not shown either deficient performance or prejudice as to this claim.

**B.      Claim Two: Counsel Misled Him About the Sentence He Would Receive**

Garrett next argues that counsel told him he would receive approximately 12 to 15 years of imprisonment if he pleaded guilty, but that he instead received a much longer sentence. In his reply, Garrett characterizes counsel as ineffective for allegedly advising him to plead guilty while leading him to expect a sentence of roughly 150 months. This claim also fails.

Assuming counsel predicted a lower sentence than Garrett ultimately received, that alone does not establish constitutionally deficient performance. Sentencing predictions are not guarantees, and a mistaken estimate generally does not amount to ineffective assistance where the defendant was clearly advised by the court and the plea agreement that the sentence would be determined later and could differ from counsel's estimate. *See, e.g.*, *United States v. Bradley*, 905 F.2d 359, 360 (11th Cir. 1990) (per curiam) ("To the extent [petitioner] claimed his guilty plea was based on his attorney's estimate of the sentence and offense level, the claim did not warrant withdrawal of the guilty plea where [petitioner] acknowledged to the court that he understood the possible maximum sentence for his crime to be greater than the sentence the court ultimately imposed."); *Cruz v. United States*, 188 F. App'x 908, 914 (11th Cir. 2006) (per curiam) (holding movant failed to demonstrate prejudice on the basis that "counsel misrepresented facts about the case and sentencing and coerced her into pleading guilty" because the court informed her of "the maximum penalties and that the sentence imposed could be different from any estimate given to her by her lawyer or anyone else"); *United States v. Himick*, 139 F. App'x 227, 228–29 (11th Cir. 2005) (per curiam) (stating "a defendant's reliance on an attorney's mistaken impression about the length of his sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his

maximum possible sentence").

That is exactly what happened here. At the plea hearing, Garrett affirmed under oath that he understood (1) the sentence imposed by the Court could be different from counsel's estimate; (2) the Court could not determine the guideline range until after completion of the presentence report; (3) the Court had authority to impose a sentence greater or lesser than the guideline range in some circumstances; and (4) he could not withdraw his guilty plea if the Court did not follow the parties' recommendations. At sentencing, the Court again confirmed directly with Garrett that the Government's recommendation of a middle-of-the-guidelines sentence was not binding on the Court and that he could not "back out" of the plea agreement if the recommendation was not followed. Garrett said he understood.

The written plea agreement likewise made clear that the Court would determine the advisory guideline range and sentence; Garrett had discussed the guidelines and statutory sentencing factors with counsel; and he would have no right to withdraw his plea if the Court calculated a guideline range different from the one projected by his defense counsel, the Government, or Probation.

Given these repeated warnings, Garrett cannot establish prejudice. The record shows he knew, before the plea was accepted and again before the sentence was imposed, that any estimate by counsel was only an estimate and that the final sentence rested with the Court. His present assertion that he expected a lower sentence is insufficient to overcome his sworn statements acknowledging exactly the opposite risk.

Just as importantly, Garrett does not credibly demonstrate that, absent counsel's alleged prediction, he would have insisted on going to trial. That is the required showing under *Hill*. His filings complain about the sentence received, but disappointment with the sentence is not the same thing as proving he would have rejected the plea and proceeded to trial. The record reflects that the plea agreement

7

provided meaningful benefits, including the Government's agreement to recommend a sentence no greater than the middle of the advisory guideline range (which he received), to recommend acceptance-of-responsibility reductions, not to pursue additional charges for the charged conduct or relevant conduct, and not to seek an enhancement under 21 U.S.C. § 851.

In short, Garrett was repeatedly informed that any sentencing estimate was nonbinding, and he acknowledged as much under oath. He therefore cannot establish prejudice under *Strickland* and *Hill*.

## EVIDENTIARY HEARING

No evidentiary hearing is required. The motion and record conclusively show that Garrett is not entitled to relief. His allegations are either conclusory or directly contradicted by his sworn plea and sentencing colloquy statements and the written plea agreement.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings requires the Court to issue or deny a certificate of appealability. A certificate of appealability may issue only if the movant makes a substantial showing of the denial of a constitutional right. Where a district court rejects constitutional claims on the merits, the movant must show that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. Garrett has not made that showing. A certificate of appealability will therefore be denied.

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. Petitioner Justin Garrett's motion under 28 U.S.C. § 2255 is **DENIED**;

2. This action is **DISMISSED** with prejudice;

3. A certificate of appealability is **DENIED**; and,

8

4.   A separate final judgment will be entered.

**DONE** and **ORDERED** on this the 8th day of July 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE